UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MILLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THEODORE KUBICKI, et al,<br><br>　　　　Defendants. | No. 20-cv-00812-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 17) |

Plaintiff Ernest Miller is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 25, 2020, plaintiff filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915.[1] (Doc. No. 10.) On June 29, 2020, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g) and that plaintiff be required to pay the $400.00 filing fee in full to proceed with this action. (Doc. No. 12.) Plaintiff filed objections on July 9, 2020. (Doc. No. 14.) On August 14, 2020, the undersigned adopted the findings and recommendations in full and ordered plaintiff to pay the $400.00 filing fee in full within twenty-one (21) days.

---

[1] Plaintiff later filed two additional motions to proceed *in forma pauperis*. (Doc. Nos. 13, 15.) The undersigned denied those motions in the August 14, 2020 order.

1

(Doc. No. 16.) In that order, plaintiff was warned that failure to pay the filing fee within the specified time would result in the dismissal of this action. (*Id.* at 2.)

On September 14, 2020, plaintiff filed objections to the August 14, 2020 order. (Doc. No. 17.) The court construes plaintiff's filing as a motion for reconsideration of the undersigned's order adopting the magistrate judge's findings and recommendations. (Doc. No. 22.) "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Here, plaintiff has not demonstrated grounds upon which the court can grant his motion for reconsideration. Plaintiff argues that he is under imminent danger and should be granted leave to proceed *in forma pauperis* because some prison guards at High Desert State Prison paid inmates and other prison guards to fatally injure him. (Doc. No. 17 at 1.) In support of his allegation in this regard, plaintiff has attached to his objections a Rules Violation Report dated April 22, 2020, which recounts a physical altercation between plaintiff and another inmate at Salinas Valley State Prison. However, as correctly noted in the June 29, 2020 findings and recommendations, although plaintiff was incarcerated at Salinas Valley State Prison at the time the complaint in this case was filed, the complaint alleges claims based on events that allegedly occurred while plaintiff was incarcerated at North Kern State Prison. (Doc. No. 12 at 2.) Although plaintiff asserts that the exhibits attached to his objections demonstrate that he is now under imminent danger of serious physical injury, the altercation discussed in his objections is completely unrelated to the claims presented by plaintiff in this action. *See Chappell v. Fleming*, No. 2:12-cv-0234 MCE AC, 2013 WL 2156575, at *6 (E.D. Cal. May 17, 2013) (declining to find imminent danger because "Plaintiff's legal claims, as raised in the complaint, d[id] not establish a nexus between the unlawful conduct and the perceived threat to plaintiff's safety"),*report and*

/////

1 *recommendation adopted*, No. 2:12-cv-0234 MCE AC, 2013 WL 3872794 (E.D. Cal. July 25, 2013).

The time period provided for plaintiff to pay the required filing fee to pursue this action has expired, and plaintiff has not paid the filing fee.  However, plaintiff's objections are dated September 2, 2020, indicating that they may have been mailed within the time period for paying the filing fee.  In light of plaintiff's *pro se* status and current imprisonment, the court will grant plaintiff an additional twenty-one (21) days to pay the required filing fee.

Accordingly:

1. Plaintiff's filing (Doc. No. 17), deemed to be a motion for reconsideration, is denied; and
2. Within twenty-one (21) days following the date of service of this order, plaintiff shall pay the $400.00 filing fee in full to proceed with this action.  If plaintiff fails to pay the filing fee within the specified time, this action will be dismissed without prejudice.

IT IS SO ORDERED.

Dated:   **December 29, 2020**

UNITED STATES DISTRICT JUDGE